CHRISTOPHER M. MCDERMOTT (SBN 253411)
cmcdermott@piteduncan.com
TODD S. GARAN (CA SBN 236878)
tgaran@piteduncan.com
GREGORY P. CAMPBELL (CA SBN 281732)
gcampbell@piteduncan.com
PITE DUNCAN, LLP
4375 Jutland Dr., Ste. 200
P.O. Box 19734
San Diego, CA 92177-9734
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for CitiMortgage, Inc.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| In re | Case No. 13-21564 |
|---|---|
| SAYSETTHA VONGVILAY AND SENGMANY LUANGRATH, | D.C. No PD-1 |
| | Chapter 11 |
| Debtors. | **STIPULATION RE: TREATMENT OF CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
| | **Property Address**: |
| | 3736 Myrtle Ave, North Highlands, CA  95660 |

This Stipulation is entered into by and between Secured Creditor, CitiMortgage, Inc. ("**Citi**"), by and through its attorneys of record, and Saysettha Vongvilay and Sengmany Luangrath, (the "**Debtors**"), by their attorney of record.

The property which is the subject of this matter is commonly known as 3736 Myrtle Ave, North Highlands, CA  95660 (hereinafter the "**Property**"), which is more fully described in the Deed of Trust attached to the concurrently filed Exhibits as **Exhibit A** and incorporated herein by reference.

On May 8, 2006, Debtors, for valuable consideration, made, executed and delivered to

Citicorp Trust Bank, FSB ("**Lender**") a Note in the principal sum of $229,958.45 (the "**Note**"). Thereafter, Lender indorsed the Note in blank.

On May 8, 2006, Debtors made, executed and delivered to Lender a Deed of Trust (the "**Deed of Trust**") granting Lender a security interest in the Property, which is more fully described in the Deed of Trust. The Deed of Trust was recorded in the official records of the Sacramento County Recorder's office.

Subsequently, Lender merged with and into CitiMortgage's parent company, Citibank, National Association.

On February 5, 2013, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code and were assigned bankruptcy case no. 13-21564.

On April 10, 2013, Debtors filed their Motion to Value Collateral ("**Motion to Value**"). (*See* Docket No. 42).

On April 15, 2013, Citi filed an Opposition to the Debtors' Motion to Value ("**Opposition**"). (*See* Docket No. 48).

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Citi shall have secured claim in the amount of $115,000.00 (the "**Secured Claim**") amortized over thirty (30) years at 5.25% interest per annum.

2 Citi shall have an unsecured claim, plus Citi's attorneys' fees and costs (the "**Unsecured Claim**"). Citi shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend available to general unsecured creditors, which shall be not less than the Debtors' projected disposable income (as defined in section 1325(b)(2)) to be received during the 5 year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides, whichever is longer. Citi's lien related to its Unsecured Claim shall only be avoided if: (1) Debtors' Plan is confirmed; (2) Debtors substantially consummate their Plan; and (3) Debtors obtain their Chapter 11 discharge. In the event Debtors proceed with a post-confirmation sale or refinance of the Property, Citi shall not be required to release its lien until the Debtors have paid Citi's Secured and Unsecured Claims in accordance with this Stipulation, substantially consummate their Plan, and receive a Chapter 11 discharge.

3. Debtors shall tender regular monthly principal and interest payments in the sum of **$635.03** to Citi for the Secured Claim commencing **September 1, 2013**, and continuing on the first day of each month thereafter until all such outstanding amounts under the Secured Claim are paid in full.

4. In addition to principal and interest payments, Debtors shall tender monthly escrow payments to Citi for real property tax advances and real property hazard insurance advances for the Property. This amount is subject to change pursuant to the terms of the Note and Deed of Trust. To the extent Citi has made post-petition escrow advances, Debtors shall cure said amounts on or before the Effective Date of the Plan. Debtors shall request a post-petition escrow balance from Citi's counsel of record on or before the Effective Date of the Plan.

5. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Citi's Secured Claim.

6. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Citi shall provide written notice via first class mail to Debtors at 2831 Herbert Way, Sacramento, CA 95821 and Debtors' attorney of record, Daniel J. Hanecak at 700 E Street, Sacramento, CA 95814, indicating the nature of default. If Debtors fail to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then Citi shall file a Motion for Relief and Declaration of Default seeking termination of the automatic stay.

7. The acceptance by Citi of a late or partial payment shall not act as a waiver of Citi's right to proceed hereunder.

8. In the event the Debtors default under this Stipulation and Citi forwards a 30-day letter to Debtors, they shall be required to tender $100.00 for each default letter submitted in order to cure the default.

9. At the request of Citi, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.

10. The terms of this Stipulation are contingent upon the substantial consummation of the

Debtors' confirmed Plan and receipt of a Chapter 11 discharge. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Citi. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. In the event of a discrepancy between the terms of the Debtors' Plan and this Stipulation, the provisions of this Stipulation shall control.

11. The Debtors shall file an amended Chapter 11 Plan that incorporates the terms of this Stipulation and attach a copy of this Stipulation as an exhibit to the Amended Plan. The Debtors' failure to comply with this provision shall constitute a default under the terms of the Stipulation.

12. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Citi shall retain its lien in the full amount due under the Note.

13. Citi must consent to any sale of the Property prior to the substantial consummation of the Debtors' confirmed Chapter 11 Plan. In the event the Debtors sell the Property or seek to prepay Citi's Secured Claim prior to the substantial consummation of the Debtors' confirmed Chapter 11 Plan, Citi shall retain its lien in the full amount due under the Note.

14. In the event the Debtors asserts that Citi has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtors' Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtors shall be required to provide a qualified written request of the alleged lack of compliance to Citi and Citi's counsel of record, Pite Duncan, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicting the nature of the alleged lack of compliance. The terms of the qualified written request shall be governed by the RESPA provisions described in 12 U.S.C. § 2605(e). If Citi fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtors' allegation after the passage of thirty (30) days from the date Citi receives said written notice (the "Meet and Confer Period") Debtors may proceed with filing the appropriate motion in bankruptcy court seeking Citi's compliance. However, provided Citi has in good faith

sought to remedy Debtors' grievance during the Meet and Confer Period, Debtors shall not request an award of his/her attorneys' fees and costs nor sanctions as a result of filing said motion.

15. This Stipulation shall constitute ballots voting in favor of the Debtors' Chapter 11 Plan for Citi's Secured and Unsecured Claims and Citi hereby withdraws its Opposition to the Motion to Value located at Docket No. 48.

**IT IS SO STIPULATED:**

Dated: July 10, 2013         */s/ Daniel J. Hanecak*
                             DANIEL J. HANECAK
                             Attorney for Debtors Saysettha Vongvilay and Sengmany Luangrath


**PITE DUNCAN, LLP**

Dated:  July 10, 2013        */s/ Gregory P. Campbell*
                             GREGORY P. CAMPBELL

                             Attorneys for Creditor CitiMortgage, Inc.